JUDGE CASTEL

**13 CIV 6319**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INFINITE ENERGY, INC.,<br><br>          Plaintiff,<br><br>v.<br><br>INFINITE ENERGY CORP. AND<br>DEBORAH C. PINTO<br><br>          Defendants. | Case No.<br><br>VERIFIED COMPLAINT<br>JURY DEMAND |



Plaintiff Infinite Energy, Inc. ("Plaintiff"), by and through counsel, for its Complaint against Infinite Energy Corp. and Deborah C. Pinto (collectively "Defendants") alleges the following:

## NATURE OF THE ACTION

1. This is an action for trademark infringement, false designation of origin, and unfair competition pursuant to Sections 43(a) and 32(1) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a) and for common law trademark infringement and unfair competition, as well as related causes of action arising under New York law from the use by Defendants of Plaintiff's registered and common law trademarks for the word mark and stylized mark "Infinite Energy." Plaintiff seeks temporary, preliminary, and permanent injunctive relief, actual damages, punitive damages, and recovery of Plaintiff's costs and reasonable attorneys' fees incurred in connection with this action.

## THE PARTIES

2. Plaintiff Infinite Energy, Inc. is, and at all relevant time was, a corporation organized under the laws of the State of Florida with its principal place of business located at 7001 S.W. 24th Avenue, Gainesville, Florida 32607.

1

3. Upon information and belief, Defendant Infinite Energy Corp. is, and at all relevant times was, a corporation organized under the laws of the State of New York with its principal place of business currently located at 410 Park Avenue, 15th Floor, New York, New York 10022. Upon information and belief, Defendant Infinite Energy Corp. also operated a principal place of business at the following addresses: 498 Kingsland Ave., Brooklyn, New York 11222; 909 3rd Ave., Suite 506, New York, New York 10022.

4. Upon information and belief, Defendant Deborah C. Pinto is an individual with a place of business at 410 Park Avenue, 15th Floor, New York, New York 10022, who as the President and Chief Executive Officer for Infinite Energy Corp., directs, controls, ratifies, participates in, or is the moving force behind the wrongful conduct of Infinite Energy Corp. as set forth herein.

## JURISDICTION AND VENUE

5. This action arises under the trademark infringement and unfair competition laws of the United States and the laws of the State of New York.

6. This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338, and 15 U.S.C. §§ 1121(a), 1125(a) as a civil action arising under an Act of Congress relating to a trademark and the Lanham Act.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. Upon information and belief, Defendants are and have been doing business in this District through solicitation, advertising, and provision of services, and are subject to personal jurisdiction in this District.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that Defendants are subject to personal jurisdiction in this District and transact business in this District. Further, a substantial part of the events giving rise to the claims against Defendants occurred in this District.

## FACTUAL BACKGROUND

10. Founded in 1994, Plaintiff Infinite Energy, Inc. is a Florida based natural gas marketer, which means it is in the business of facilitating the delivery of natural gas from pipelines to end-users. Plaintiff's customer base includes individuals and businesses in New York, New Jersey, Texas, Georgia and Florida for natural gas and electricity services.

11. Defendant Deborah C. Pinto is the President and Chief Executive Officer for Defendant Infinite Energy Corp., which is a fuel oil broker servicing New York.

12. Defendants own United States Trademark Registration No. 2011452 for the mark "Infinite Energy Corp." which covers fuel and oil brokerage.

13. In or around late 2002, Plaintiff contacted Defendants to determine whether they would be interested in selling the name "Infinite Energy Corp." to Plaintiff. During that call, Plaintiff inquired as to the nature of Defendant's business and its relevant market, and attempted to determine whether Defendants had any intent to expand their business into natural gas related services.

14. Defendants communicated to Plaintiff that their services were limited to brokerage services in the fuel oil industry, and that they were not in the natural gas marketing space.

15. Plaintiff owns United States Trademark Registration Nos. 4,158,417 and 4,158,415 for marks Infinite Energy and Infinite Energy (stylized), respectively, both of which

cover, *inter alia*, natural gas, electrical energy, energy management services, gas supply, and electricity and natural gas services. Copies of these trademark registration certificates are attached as Exhibit A.

16. Plaintiff has used "Infinite Energy" in connection with its delivery of natural gas as a trade name and service mark since 1994.

17. Plaintiff's "Infinite Energy" marks are distinctive.

18. Recently, Plaintiff heard that Defendants are seeking regulatory approval to begin billing for natural gas services in New York State and that Defendants intend to use and display the term "Infinite Energy" in connection with marketing natural gas at fixed and variable rates.

19. On August 16, 2013, Plaintiff sent Defendants a cease and desist letter objecting to Defendants' planned use of the term "Infinite Energy" in connection with marketing natural gas. A copy of this letter is attached as Exhibit B.

20. In response to Plaintiff's letter, Defendants responded on August 21, 2013 stating that they disagreed with the allegations in the cease and desist letter and that they were in the process of retaining outside counsel who would respond to the letter more fully.

21. Defendants have failed to respond further.

22. Defendants' use of the term "Infinite Energy" as it relates to marketing its natural gas services is likely to confuse consumers and to cause consumers to believe incorrectly that Defendants are somehow associated or affiliated with, or sponsored by, Plaintiff.

23. Defendants' use of "Infinite Energy" is causing and will continue to cause irreparable harm to Plaintiff.

**COUNT I – TRADEMARK INFRINGEMENT IN VIOLATION OF THE LANHAM ACT**

24. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 23 as if fully set forth herein.

25. By using "Infinite Energy" in connection with marketing of natural gas services to consumers in New York State, Defendants are likely to cause confusion, mistake, or to deceive customers.

26. Defendants' actions constitute infringement of Plaintiff's trademark rights, including United States Trademark Registration Nos. 4,158,417 and 4,158,415.

27. Plaintiff, through counsel, has requested in writing that Defendants cease using the term "Infinite Energy" as it relates to marketing natural gas services. To date, Defendants have refused to cease using the term "Infinite Energy" as it relates to marketing natural gas services.

28. The infringements charged above are knowing and willful infringements.

29. Defendants have made profits from their acts of trademark infringement, and Plaintiff has suffered damages. The extent of profits and damages are unknown at this time.

30. Defendants' use of "Infinite Energy" has caused, and will continue to cause, irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, will continue to suffer irreparable harm to their business, "Infinite Energy" marks, goodwill, and business reputation.

## COUNT II – FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION IN VIOLATION OF THE LANHAM ACT

31. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 23 as if fully set forth herein.

32. By using "Infinite Energy" in connection with marketing of natural gas services to consumers in New York State, Defendants are engaging in unfair competition with Plaintiff in violation of § 43(a) of the Lanham Act of 1946, 15 U.S.C. § 1125(a), in that such use of "Infinite Energy" constitutes a false designation of origin or false description or representation of the

source or origin of Defendants' services and that persons are likely to be, and likely have been, confused or misled into believing, contrary to fact, that Defendants' services are sponsored or endorsed by or otherwise connected with Plaintiff, thereby causing irreparable damage and harm to Plaintiff and its goodwill in the "Infinite Energy" marks.

33. Upon information and belief, the above-referenced acts were undertaken with the intention of confusing customers and passing off Defendants' services as authorized services of Plaintiff.

34. Defendants have made profits from their acts of unfair competition, and Plaintiff has suffered damages. The extent of profits and damages are unknown at this time.

35. Defendants' continued use of the term "Infinite Energy" as it relates to natural gas services has caused irreparable damage and injury to Plaintiff. Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, will continue to suffer irreparable harm to its business, "Infinite Energy" marks, goodwill, and business reputation.

## COUNT III – COMMON LAW TRADEMARK INFRINGEMENT

36. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 23 as if fully set forth herein.

37. Defendants' use of the term "Infinite Energy" as it relates to natural gas services is likely to cause mistake, confusion, or deception in the minds of the public.

38. Defendants' use of the term "Infinite Energy" as it relates to natural gas services constitutes common law infringement of Plaintiff's "Infinite Energy" marks under the laws of the State of New York.

39. Defendants have made profits from their acts of trademark infringement, and Plaintiff has suffered damages. The extent of profits and damages are unknown at this time.

40. Defendants' continued use of their infringing mark has caused and will continue to cause irreparable damage and injury to Plaintiff. Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, will continue to suffer irreparable harm to their business, "Infinite Energy" marks, goodwill, and business reputation.

## COUNT IV – COMMON LAW UNFAIR COMPETITION

41. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 23 as if fully set forth herein.

42. Defendants' use of the term "Infinite Energy" as it relates to natural gas services creates a likelihood of confusion or misunderstanding as to the source or affiliation of Defendants' services and persons are likely to be, and likely have been, confused or misled into believing, contrary to fact, that Defendants' services are sponsored or endorsed by or otherwise connected with Plaintiffs, thereby causing irreparable damage and harm to Plaintiff and its goodwill in the "Infinite Energy" marks.

43. Defendants' use of the term "Infinite Energy" in connection with natural gas services is likely to cause confusion, mistake or deception about the nature, characteristics, and qualities of its services in comparison, connection, or association with Plaintiff's services.

44. Upon information and belief, the above-referenced acts were undertaken with the intention of confusing consumers and passing off Defendants' services as authorized services of Plaintiff.

45. Upon information and belief, Defendants have made profits from their acts of unfair competition, and Plaintiff has suffered damages. The extent of profits and damages are unknown at this time.

46.  Defendants' continued use of the term "Infinite Energy" as it relates to natural gas services will continue to cause irreparable damage and injury to Plaintiff. Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, will continue to suffer irreparable harm to its business, "Infinite Energy" marks, goodwill, and business reputation.

## COUNT V – DECEPTIVE ACTS AND PRACTICES IN VIOLATION NEW YORK GENERAL BUSINESS LAW § 349

47.  Plaintiff incorporates by reference the allegations of Paragraphs 1 through 23 as if fully set forth herein.

48.  New York General Business Law § 349 prohibits deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service in the State of New York.

49.  New York General Business Law § 349(h) provides a private right of action to enforce the provisions of New York General Business Law § 349.

50.  In the course of their business, Defendants, by and through the use of "Infinite Energy" as it relates to natural gas services, have engaged and continue to engage in deceptive acts and practices in violation of New York General Business Law § 349.

51.  Defendants have willfully engaged in these actions, knowing them to be deceptive.

52.  Defendants have engaged in the deceptive acts and practices alleged herein with the intent to deceive and defraud the public, to take advantage of the extensive investment made by Plaintiff in its "Infinite Energy" marks, and to misappropriate the substantial goodwill associated with such marks.

53. Defendants' conduct has caused, and will continue to cause, irreparable injury to the value and goodwill of Plaintiff's marks, as well as irreparable injury to its business goodwill, and reputation. Plaintiff has no adequate remedy at law.

54. Pursuant to New York General Business Law § 349(h), Plaintiff is entitled to enjoin Defendants' unlawful conduct, recover actual damages, and recover reasonable attorneys' fees.

## COUNT VI – TRADEMARK INFRINGEMENT IN VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 360-k

55. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 23 as if fully set forth herein.

56. Defendants' use of the term "Infinite Energy" as it relates to natural gas services is likely to cause mistake, confusion, or deception in the minds of the public as to the source of origin of Defendants' services.

57. Defendants' use of the term "Infinite Energy" as it relates to natural gas services constitutes trademark infringement of Plaintiff's "Infinite Energy" marks under New York General Business Law § 360-k.

58. Defendants have engaged in the infringement alleged herein with the intent to cause confusion or mistake, to take advantage of the extensive investment made by Plaintiff in its "Infinite Energy" marks, and to misappropriate the substantial goodwill associated with such marks.

59. Upon information and belief, Defendants have made profits from their acts of trademark infringement, and Plaintiff has suffered damages. The extent of profits and damages are unknown at this time.

60. Defendants' continued use of their infringing mark has caused and will continue to cause irreparable damage and injury to Plaintiff. Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, will continue to suffer irreparable harm to their business, "Infinite Energy" marks, goodwill, and business reputation.

## COUNT VII – VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 360-l

61. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 23 as if fully set forth herein.

62. By using "Infinite Energy" in connection with marketing of natural gas services to consumers in New York State, Defendants are likely to cause injury to Plaintiff's business reputation or to dilute the distinctive quality of Plaintiff's marks.

63. By reason of Defendants' activities, Plaintiff has been seriously and irreparably injured, and unless Defendants are restrained therefrom, Plaintiff will continue to be injured. Plaintiff has no adequate remedy at law.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial in this matter pursuant to Federal Rule of Civil Procedure 38.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment in its favor and against Defendants as follows:

1. Pursuant to Federal Rule of Civil Procedure 65, for a temporary, preliminary, and permanent injunction against Defendants and all persons acting in concert with Defendants or purporting to act on Defendants' behalf or in active concert or in participation with Defendants, including, but not limited to, Defendants' agents, servants, employees, successors, assigns, and

attorneys, enjoining and restraining them from infringing Plaintiff's trade name and service mark, from diluting the distinctive quality of the Plaintiff's trade name and service mark, and from unfairly competing with Plaintiff in any manner whatsoever, and specifically from:

    a. using "Infinite Energy" in connection with the natural gas related services;

    b. performing any acts that are likely to lead consumers to believe that Defendants are affiliated or associated with, or sponsored by, Plaintiff;

    c. competing unfairly with Plaintiff through use of any words, graphics, color schemes, media, symbols, or devices similar to the "Infinite Energy" marks, or any copy or colorable imitation thereof; and

    d. committing any other act that infringes on Plaintiff's trade name or service mark or constitutes unfair competition against Plaintiff.

2. For all damages Plaintiff has suffered by reason of Defendants' unlawful activities.

3. For all profits wrongfully derived by Defendants through their unlawful activities.

4. For three times Defendants' profits or Plaintiff's damages, whichever is greater, arising from Defendants' unlawful activities pursuant to 15 U.S.C. § 1117(a) and New York law.

5. For punitive damages to the fullest extent permitted by law and equity, and as required in the interests of justice.

6. For prejudgment and post-judgment interest, pursuant to 15 U.S.C. § 1117(b) and other applicable law.

7. For a determination that this case is deemed to be an "exceptional" case and/or that Defendants acted in "bad faith" and awarding costs of suit and reasonable attorneys' fees and disbursements, pursuant to 15 U.S.C. § 1117(b) and other applicable law.

8.  For such other and further relief as this Court deems just and equitable.

Dated: September 9, 2013

SCHIFF HARDIN, LLP

By: ____*Kelly L. Morron*____
Gregory L. Curtner
Thomas P. Battistoni
SDNY Bar No. TB 8012
Kelly L. Morron
SDNY Bar No. KM 1706
666 Fifth Avenue
Suite 1700
New York, NY 10103
T: 212-745-0877
tbattistoni@schiffhardin.com

MILLER & MARTIN PLLC

By: ____*Kelly L. Whitehart (by permission Kelly L. Morron)*____
Kelly L. Whitehart, *pro hac vice (pending)*
C. Celeste Creswell, *pro hac vice (pending)*
Travis Thompson, *pro hac vice (pending)*
1170 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Telephone (404) 962-6100
Facsimile (404) 962-6300
kwhitehart@millermartin.com
ccreswell@millermartin.com

CH2\13513863.1